**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN N. o/b/o LOU ELLA N., deceased,[1]

      Plaintiff,

     v.                           Civ. No. 20-1082 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[2]

      Defendant.

**MEMORANDUM OPINION AND ORDER**[3]

Plaintiff John N. brings this action on behalf of his daughter Lou Ella N., who is deceased. Plaintiff argues that the Commissioner committed error when she partially denied the claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. In particular, Plaintiff argues that 6,697 jobs are not enough to affirm a finding of significance at step five without performing a fact-specific and case-specific analysis under *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992). Because the Court finds that *Trimiar* applies when the number of jobs is very low, as it is here, the Court agrees with Plaintiff. As a result, the Court GRANTS

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Kilolo Kijakazi was appointed the acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[3] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 3, 5, 6. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).

Plaintiff's Motion To Reverse And Remand, With Supporting Memorandum, Doc. 26, and remands this matter for further consideration consistent with this Opinion.[4]

## **APPLICABLE LAW**

A.     Disability Determination Process

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1)     At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[5] If the claimant is engaged in substantial gainful activity, she is not disabled regardless of her medical condition.

(2)     At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, she is not disabled.

(3)     At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

---

[4] The Court reserves discussion of the background, procedural history, and medical records relevant to this appeal for its analysis.

[5] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [she] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [she] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

(4)     If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [the claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

(5)     If the claimant does not have the RFC to perform her past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

B.      Standard of Review

This Court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the

proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court

"should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

## ANALYSIS

At step 5, the burden shifts to the Commissioner to prove that the claimant can perform other work existing in "significant numbers" in the national economy. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). Plaintiff argues that the Court should remand because the Appeals Council[6] failed do a *Trimiar* analysis at step five before finding that a relatively low numbers of jobs in the national economy is "significant." Doc. 26 at 14-15.

In *Trimiar v. Sullivan*, the Tenth Circuit held that "[t]his Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' and rejects the opportunity to do so here." 966 F.2d 1326, 1330 (10th Cir. 1992). "Notwithstanding our reluctance, we note that several factors go into the proper evaluation of significant numbers. The Eighth Circuit has succinctly stated these factors:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on."

*Id.* (quoting *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988)). The Tenth Circuit concluded that "[t]he decision should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.* (internal quotation marks and alterations omitted).

---

[6] The Appeals Council granted review and issued a decision. AR 8-12. Therefore, it is the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 404.981; 42 U.S.C. § 405(g).

In *Trimiar*, the VE testified that only 650 to 900 jobs were available in the regional economy, but the Tenth Circuit affirmed that finding of numerical significance. The Tenth Circuit noted that the ALJ "considered the combination of impairments," "gave due consideration to the education and experience of the expert and probed regarding the expert's conclusion," "receiv[ed] testimony regarding the Appellant's capacity to drive long distances," and "heard testimony regarding the number of jobs, the percentage of jobs, . . . the location of jobs that are within the Appellant's capacity . . . what jobs the Appellant could perform; whether his skills were transferable to these jobs; whether and to what extent he would require training for these jobs; and whether other people with similar physical limitations performed these jobs." *Id.* at 1330-32 (footnotes and internal alterations omitted).  In other words, the Tenth Circuit found that "[t]he record indicates that the ALJ weighed the relevant factors in reaching his conclusion." *Id.* at 1332.

In this case, the Appeals Council found that "[p]rior to January 16, 2014, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed." AR 11. The Appeals Council explained:

> [T]he Administrative Law Judge asked the vocational expert whether jobs existed in the national economy for an individual the claimant's age, education, work experience, and residual functional capacity prior to January 16, 2014. The vocational expert testified that given all of these factors, the individual would have been able to perform the requirements of the following representative occupations: 1. Plastic Press Molder (DOT 556.685-022) consisting of 1,433 jobs nationally; 2. Wire Cutter Stripper (DOT 728.684- 022) consisting of 1,932 jobs nationally; 3. Garment Sorter (DOT 222.687-014) consisting of 1,221 jobs nationally; and 4. Assembly Worker (DOT 706.684-022) with 2,111 jobs nationally (Hearing Recording dated 4/16/19 @ 9:09:10 AM).
>
> Pursuant to Social Security Ruling 00-4p, the jobs cited above do not exceed the claimant's residual functional capacity prior to January 16, 2014, per the Dictionary of Occupational Titles (DOT). Therefore, the Appeals Council adopts in part the vocational expert's testimony.

AR 11.

As Plaintiff points out, this is a total of 6,697 jobs in the national economy. Doc. 26 at 15. And, as is clear from the block quote above, the Appeals Council did not engage in any explicit analysis or demonstrate that it "weigh[ed] the statutory language as applied to a particular claimant's factual situation." *Trimiar*, 966 F.2d at 1330. Therefore, Plaintiff argues that this is error and requires remand.

The Tenth Circuit has since clarified the scope of *Trimiar*. An explicit fact-specific and case-specific analysis does not need to be performed at step five in every case. For one thing, the *Trimiar* decision focused on jobs available in the regional economy. 966 F.2d at 1330. And the VE is not required to testify as to, or the ALJ required to find, the number of available regional jobs. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (concluding that "the proper focus generally must be on jobs existing in the national, not regional, economy"). For another thing, "*Trimiar* does *not* hold that only regional jobs are relevant or that a court must engage in a [multi-factor] analysis when the number of jobs relevant available is . . . much larger." *Id.* at 1274 n.2; *see also Botello v. Astrue*, 376 F. App'x 847, 851 (10th Cir. 2010) (no *Trimiar* analysis is required when the VE testified there were 67,250 jobs available in the national economy).

The Commissioner argues a *Trimiar* analysis is not required here because "the number of jobs . . . available is much larger than the number of jobs at issue in *Trimiar*," and "the Commissioner is not required to show that job opportunities exist within the local area." Doc. 30 at 7 (internal alterations and quotation marks omitted). This is not persuasive because the Commissioner is comparing apples to oranges. Six thousand jobs may be much larger than six hundred jobs, but *Trimiar* (which was about regional numbers) cannot be easily extrapolated to cases where the Commissioner made a finding about a modest number of *national* jobs available.

The Tenth Circuit has continued to refuse to draw a line as to when the total number of jobs is so significant that a case- and fact-specific analysis is excused. In the past, the undersigned has found 11,700 jobs to be significant enough to affirm without analysis. *Holmes v. Saul*, No. 18-569 SCY, 2019 WL 3290492, at *6 (D.N.M. July 22, 2019). However, that case was borderline because 11,700 is already a fairly low number. The number of jobs in this case is substantially smaller than that.

Although the Commissioner is correct that she does not need to show that jobs exist in numbers near to where the claimant chose to live, the Court cannot ignore the published case of *Trimiar* when the number of cited jobs is so low. The Court notes that the factors mentioned in *Trimiar* are guidelines rather than mandates, and that the *Trimiar* court discussed a great variety of evidence supporting the analysis of numerical significance in that case. 966 F.2d at 1330-32. Thus, the factfinder has wide latitude as to which factors to consider and what evidence to elicit from the VE. The Appeals Council in this case, however, engaged in no analysis at all. AR 11. The VE testimony, to which the Appeals Council cited, also lacks any claimant-specific analysis regarding whether the jobs are too isolated to support a finding of numerical significance. AR 75-78. In short, there is nothing in this record to show the factfinder considered "the statutory language as applied to a particular claimant's factual situation." *Trimiar*, 966 F.2d 1326, 1330.

## **CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's Motion To Reverse And Remand, With Supporting Memorandum, Doc. 26.

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**